Herman Miller, Washington, D. C., for appellant.

Wesley E. McDonald, Washington, D. C., with whom B. Austin Newton, Jr., Washington, D. C., was on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellees sued for the return of a $2,000 deposit made by them on a contract for the purchase of land in West Virginia. The trial court allowed recovery because the contract provided that the purchasers assume a "present first trust" of $14,000, with interest at 5%, when in fact no such trust was existent or available. The trial court further found that the negotiations between the parties after execution of the contract did not result in a new contract or a modification of the existing contract.

Appellant insists that the trial court was in error in finding that the parties did not agree to a modification of their contract. This argument is based largely on the fact that after appellees had demanded return of the deposit they were notified of a settlement date and informed that unless they appeared and made settlement the deposit would be forfeited, and in response thereto they appeared at the place fixed for settlement.

Appellant argues that appellees' attendance at the place and on the date fixed for

Lawrence SIGLER, Appellant,

v.

John A. C. CALLAN and Clifford J. Waldron, Appellees.

No. 1750.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 13, 1956.

Decided March 8, 1956.

settlement is conclusive evidence that a modification of the contract had been agreed upon by the parties. We think not. Appellees may have appeared for the purpose of insisting on return of their deposit or perhaps they appeared in hope that settlement could be made in accordance with the contract. Whether or not a modification had been agreed upon was a question of fact. The trial court found no modification and there was substantial evidence to support that finding. We see no error.

Affirmed.